In the Matter of JAMES L. McENERNEY, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— This is a proceeding to discipline the respondent, an attorney, in which: (1) an order disbarring him from the practice of law was entered November 16, 1964 upon his default in answering the petition; (2) the respondent thereafter moved to vacate his default, to reopen the proceeding, to file his answer and to vacate the disbarment order; and (3) such motion, together with the original petition, was referred to Harold F. McNiece, Esq., as Referee, for the purpose of: " (a) conducting hearings as to the merits of the defenses now asserted by respondent to the charges, and as to the merits of his excuses for his default; and (b) rendering a written report setting forth specific findings as to such defenses and such excuses." The Referee has held hearings accordingly and has now filed his report. Based on the findings made by the Referee with respect to the cause of respondent's default, the respondent's motion to the extent that it seeks to vacate his default, to reopen the proceeding and to file his answer is granted. Since the respondent's answer to the petition has been submitted and since plenary hearings upon all the issues raised by the petition and answer have been had pursuant to the terms

of the reference, this court will now proceed to a disposition on the merits of the charges set forth in the original petition. The principal charges against the respondent are: (1) that, incident to certain real estate transactions involving his clients, he received $1,000 in escrow which he commingled with his personal funds and converted to his own use; (2) that he later issued to his clients his personal check for $1,000 as reimbursement, but such check was dishonored because his bank account had been closed; and (3) that prior to the institution of this proceeding, at a hearing on March 6, 1963 before the petitioner's Grievance Committee, respondent promised that within three days thereafter he would repay the $1,000, but that he failed to keep his promise and that up to the date of the petition (Sept. 23, 1964) in this proceeding he still had not made restitution. The Referee found that the charges are sustained both by respondent's admissions and by the proof adduced. After examination of the record, we confirm the Referee's findings with respect to respondent's guilt upon the charges. Respondent attempted to explain his misconduct and to mitigate its effect by showing: (a) that during this period he was beset and overwrought by his own marital and financial problems; and (b) that after the commencement of this proceeding he had finally repaid the money he owed to his clients. The learned Referee in his report so found. The Referee also found that the respondent inherently is not dishonest and that he did not deliberately misuse his clients' money. While we accept these findings, nevertheless we cannot condone respondent's serious transgressions. Under the circumstances here, and since respondent's character is the prime issue, neither adversity nor ultimate repayment can be accepted as an excuse either in exoneration or mitigation. From the record as a whole we are constrained to conclude that respondent lacks the character and fitness requisite for an attorney and counselor at law and therefore should not be permitted to continue in the practice of the law. Accordingly, the following disposition is made of respondent's pending motion before this court: (1) the motion is granted insofar as it seeks to vacate respondent's default, to reopen the proceeding and to file his answer; and (2) the motion is denied insofar as it seeks to vacate the disbarment order of November 16, 1964. On the court's own motion, the said disbarment order is resettled and amended to recite all the proceedings which transpired subsequent thereto. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.